Bianchi v. Florists' Mutual

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                         *Circuit Judges*.

_____

ICILIO WILLIAM BIANCHI, JR. a/k/a I. WILLIAM BIANCHI,

                         *Plaintiff-Appellee*,

          -v-                                          10-1094-cv

FLORISTS' MUTUAL INSURANCE COMPANY,
a/k/a HORTICA-FLORISTS' MUTUAL INSURANCE COMPANY,

                         *Defendant-Appellant*.

_____

Appearing for Appellee:     Susan R. Nudelman, Dix Hills, N.Y. (on submission).

Appearing for Appellant:    Laura Burns (Robert A. Fitch, Rawle & Henderson, LLP, New
                            York, N.Y., *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Florists' Mutual Insurance Co. appeals from the March 9, 2010 judgment of the United States District Court for the Eastern District of New York, entered after a jury trial, declaring that Florists' Mutual is obligated to defend and indemnify I.W. Bianchi, Jr. against a claim made against him by the New York State Department of Environmental Conservation (the "DEC") regarding the cleanup of a hazardous waste site. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiff's parents (now deceased) owned and operated the now-defunct I.W. Bianchi, Inc., a business that specialized in propagating orchids. Plaintiff Bianchi worked at the business for approximately 37 years, but was never a shareholder. On November 27, 2007, the DEC sent Bianchi a letter informing him that it had documented a hazardous waste release on the former site of the Bianchi greenhouses. It identified Bianchi as a responsible party, required that he finance remedial work at the site, and informed him that if he did not enter into a consent order with the DEC in short order, he would be responsible for all monies spent by the DEC to remediate the site. Bianchi then contacted Florists' Mutual to request a defense and indemnification. Florists' Mutual declined to provide coverage because Bianchi did not possess the insurance policies to prove his entitlement to coverage. This lawsuit ensued, and ultimately went to trial on the existence and terms of the policies at issue. Bianchi won a declaratory judgment stating Florists' Mutual owed him a defense and indemnification for the years 1984, 1985 and 1986. This appeal followed.

Under Fed. R. Civ. P. 50(a)(1) judgment as a matter of law is proper only when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." A jury verdict should be set aside only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or . . . such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 79 (2d Cir. 2006) (internal citation and quotation omitted).

"It is well established under New York law that a policyholder bears the burden of showing that the insurance contract covers the loss." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000). The burden then shifts to the insurer to establish that an exclusion applies. *Critchlow v. First UNUM Life Ins. Co. of Am.*, 378 F.3d 246, 256-57 (2d Cir. 2004). Of course, both are harder to prove where, as here, the policies are missing. "An insured may rely on secondary evidence (i.e., evidence other than the policy itself) to prove the existence and terms of an insurance policy only where the insured demonstrates that it has made a diligent but unsuccessful search and inquiry for the missing policy." *Burt Rigid Box, Inc. v. Travelers Property Cas. Corp.*, 302 F.3d 83 (2d Cir. 2002) (internal quotation and citation omitted).

Applying these principles here, we find plaintiff set forth sufficient evidence to meet his burden of proof regarding coverage. Florists' Mutual admitted that it issued policies to I.W. Bianchi, Inc. during the relevant time period, and that those policies were occurrence policies.

The jury was free to credit Vincent Daley's testimony as to the terms of coverage.  Finally, while Florists' Mutual relies on the template policies as evidence that the policies at issue contained a pollution exclusion clause, the parties stipulated that "[t]he defendant is unaware of what type of policy was sold to the plaintiff and what the terms of coverage [were], and the defendant did not have a standard or template policy in effect at the time."

Accordingly, the judgment of the district court hereby is AFFIRMED.  Each side shall bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3